**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW ALEXANDER O'NEILL,**

**Plaintiff,**

**v.**

**DERBY POLICE DEPARTMENT, et al.,**

**Defendants.**

**Case No. 25-1143-DDC-BGS**

**MEMORANDUM AND ORDER**

Plaintiff Matthew Alexander O'Neill, proceeding pro se,[1] filed this lawsuit against defendants—the Derby Police Department and two Derby police officers—alleging they violated his civil rights, his human rights, and the Constitution. Before the court is United States Magistrate Judge Brooks G. Severson's Report and Recommendation, which recommends the court dismiss plaintiff's Complaint for failing to state a claim on which the court can grant relief. Doc. 5. Plaintiff filed a timely Objection. Doc. 6. Because the court agrees with the Magistrate Judge's analysis, it adopts her Report and implements her Recommendation, dismissing plaintiff's Complaint without prejudice to refiling.

## I. Background

The following background facts come from plaintiff's Complaint (Doc. 1). The court accepts plaintiff's "well-pleaded facts as true, view[s] them in the light most favorable to

---

[1] Plaintiff proceeds pro se. The court construes his filings liberally and holds those filings "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

Plaintiff[], and draw[s] all reasonable inferences from the facts in favor of Plaintiff[]." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

In June 2025, Derby City Police Officer Willis—one of the defendants—stopped plaintiff in the middle of the night while plaintiff was filling water jugs. Doc. 1 at 4–5. Plaintiff was using a "well water pump hydrant," equipment that he acknowledges was on another's private property. *Id.* at 4. Willis accused plaintiff of trespassing, which plaintiff denied. *Id.* at 5. Willis then asked plaintiff to identify himself multiple times, but plaintiff remained silent. *Id.* Willis called another Derby Police officer—defendant Wallace—to the scene. *Id.* at 9.

The officers arrested plaintiff, but the Complaint makes it difficult to discern the order of the events leading up to that arrest. After Wallace arrived, the officers approached plaintiff. *Id.* at 10. Plaintiff used "American Sign Language"—which the court understands was a single finger—to communicate to the officers that he intended to remain silent and be left alone. *Id.* But plaintiff also "explicitly stated" he didn't consent to any search. *Id.* at 13.

At some point during the encounter, the officers told plaintiff to remove his hat, a ushanka, so they could identify him. *Id.* at 10. Plaintiff informed the officers he belongs to "an underground religious movement called 'Ushankas for Jesus,'" and wearing his ushanka is an expression of his faith. *Id.* The officers handcuffed plaintiff and removed his ushanka anyway. *Id.* Plaintiff alleges one cuff was so tight that it permanently scarred his left wrist. *Id.* at 18.

The officers arrested plaintiff and searched him. *Id.* at 10. Officers took plaintiff's ushanka, keys, longboard, "delta 8 THC hemp vape"—which plaintiff considers a "ceremonial vessel"—and AR-15. *Id.* at 10–11. Plaintiff spent the night in a holding cell, which he alleges was an "unsanitary environment." *Id.* at 16. He was released the next day. *Id.* at 5. Later, when

plaintiff returned to the police station to collect his belongings, the police department didn't return his THC hemp vape or AR-15. *Id.* at 10–11.

Plaintiff sued both officers and the Derby Police Department, alleging 13 claims under 42 U.S.C. § 1983 and Kansas statutes. *See id.* at 3. The Magistrate Judge screened plaintiff's Complaint under 28 U.S.C. § 1915(e) and recommended that the court dismiss all plaintiff's claims. Doc. 5 at 21. Specifically, the Magistrate Judge concluded plaintiff had failed to state a claim on which the court can grant relief because (1) the Complaint makes collective allegations, which is insufficient to establish liability under § 1983; (2) the defendant officers would deserve qualified immunity against plaintiff's claims because he failed to allege any constitutional violations; and (3) plaintiff can't sue the "Derby Police Department" because it is a subunit of city government. *Id.* Plaintiff filed an Objection to the Magistrate Judge's Report. Doc. 6.

## II. Legal Standard

District courts review timely and specific objections to a Magistrate Judge's Report and Recommendation de novo. 28 U.S.C. § 636(b)(1); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). But if an objection is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[,]" the objection is waived. *United States v. 2121 E. 30th St.Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If an objection lacks specificity, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers*, 927 F.2d at 1167.

Because plaintiff is proceeding *in forma pauperis*, the court must screen the Complaint. 28 U.S.C. § 1915(e)(2)(B). Section 1915 requires dismissal if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* A court shouldn't dismiss a pro se complaint *sua sponte* unless "it is obvious that the plaintiff cannot prevail on the facts he has

alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

When determining whether a complaint states a claim under Section 1915, the court applies the same standard of review applied to a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Under that standard, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law.").

The court also must assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. Analysis

The court has reviewed the Complaint (Doc. 1) and the Magistrate Judge's Report and Recommendation (Doc. 5) and agrees with her analysis. To avoid rewriting the entire 22-page

Report, the court focuses its analysis on the parts of the Report plaintiff objects to adequately. Plaintiff's Objection makes many assertions, but only some of them qualify as "objections." *See* Doc. 6. And, even construing plaintiff's filing liberally, the court concludes many of his objections aren't specific enough to warrant thorough review. *See 2121 E. 30th Street*, 73 F.3d at 1060. For example, plaintiff objects "due to the nonwaiver of [his] rights," Doc. 6 at 1, demands "prosecution of all counts," *id.* at 6, and argues the Report's reasoning "allow[s] our rights to be literally trampled." *Id.* at 7. But these assertions aren't "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute[.]" *2121 E. 30th Street*, 73 F.3d at 1060. To avoid undermining the "policies behind the Magistrate's Act that led [the Tenth Circuit] to adopt a waiver rule in the first instance[,]" the court won't consider these broad objections. *Id.*

Instead, the court separates the wheat from the chaff and identifies the four arguments in plaintiff's Objection specific enough to justify in-depth review. In them, plaintiff argues (1) he specified which officer committed each alleged constitutional violation, Doc. 6 at 3; (2) he can sue the Derby Police Department because it employs the officers, *id.* at 5; (3) defendants can't get qualified immunity for violating civil rights, *id.* at 2; and (4) the court should allow him to amend the Complaint instead of dismissing his claims. *Id.* at 7. The court takes up each of these objections in order.

### A. Collective Allegations

Plaintiff first objects that the Complaint adequately specifies conduct by individual defendants. *See id.* at 3 ("I did indeed specify which officer was who[.]"). The court understands this argument as objecting to the Magistrate Judge's recommendation that the court dismiss the Complaint because it pleads against defendants collectively. Doc. 5 at 9. The court overrules this objection.

An individual defendant's "liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). This is why "'it is particularly important' in a § 1983 case brought against 'a number of government actors sued in their individual capacity . . . that the complaint make clear exactly who is alleged to have done what to whom[.]'" *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). The court must dismiss a § 1983 claim that fails this standard. *See id.*

The Magistrate Judge concluded most of plaintiff's claims don't specify which defendant committed each alleged wrong. Doc. 5 at 9. The court agrees. The Complaint is full of allegations against "officers of the Derby Police Department," Doc. 1 at 10, and "the officers." *Id.* at 12. But for many claims in the Complaint, that isn't enough for the court to determine "'exactly who is alleged to have done what to whom[.]'" *Brown*, 662 F.3d at 1165 (quoting *Kan. Penn Gaming*, 656 F.3d at 1215). For example, in plaintiff's religious-freedom claim he alleges that "the officer placed plaintiff in handcuffs, and forcibly removed plaintiff's religious garment[.]" Doc. 1 at 10. But that doesn't communicate which officer—Willis or Wallace—allegedly violated the First Amendment by doing so.

In his Objection, plaintiff tries to clarify which defendants he refers to in the Complaint. Doc. 6 at 3. He explains that defendant Willis was the first officer on the scene, and defendant Wallace was the second officer who arrived. *Id.* But the court won't consider these additional facts because plaintiff didn't plead them in his Complaint and thus didn't put these facts before the Magistrate Judge. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (limiting courts' consideration to facts in the complaint and attached exhibits to determine whether the complaint states a claim); *Reyes v. Larimer County*, 796 F. App'x 497, 499 (10th Cir. 2019)

("[A]rguments and claims raised for the first time in an objection to a magistrates judge's report and recommendation are waived."). The court thus overrules plaintiff's first objection.

But even if plaintiff had pleaded the individual defendants' actions adequately, the Magistrate Judge's Report identified other, independent reasons the court should dismiss plaintiff's Complaint. Doc. 5 at 9 ("However, the complaint also substantively falls short for the reasons stated below.") The court examines those other substantive reasons next.

**B. Claims against the "Derby Police Department"**

Plaintiff also objects to the Magistrate Judge's determination that he can't sue "the Derby Police Department." *See* Doc. 5 at 20. Plaintiff argues that "if 'the Derby Police Department' is in alignment with 'the Derby Police Officers'' actions, then they are ALSO at fault[.]" Doc. 6 at 5. But fault isn't the point. A § 1983 plaintiff can't sue "a subunit of city or county government." *Baker v. Colo. Springs Police Dep't*, 42 F.3d 1406, 1994 WL 673070 at *1 (10th Cir. 1994) (affirming dismissal of Colorado Springs Police Department). And, under Kansas law, "subordinate government agencies do not have the capacity to sue or be sued in the absence of a statute." *Hopkins v. State*, 702 P.2d 311, 315 (Kan. 1985). This means the proper defendant isn't the Derby Police Department; it's the City of Derby itself, specific officers who work for the police department, or both. The court thus overrules plaintiff's second objection and dismisses the "Derby Police Department" as a defendant.

**C. Qualified Immunity**

Plaintiff's third objection argues defendants aren't entitled to qualified immunity because there "is no qualified immunity . . . in regards to civil rights violations, let alone human rights violations[.]" Doc. 6 at 2. But that's wrong. Government officials are entitled to qualified immunity unless a plaintiff shows "(1) facts that demonstrate the officials violated a federal constitutional or statutory right, which (2) was clearly established at the time of defendant's

conduct." *Sawyers v. Norton*, 962 F.3d 1270, 1282 (10th Cir. 2020). This controlling law makes plaintiff's objection a nonstarter.

But plaintiff's objection belies a larger point. The court can't consider qualified immunity while screening plaintiff's Complaint under § 1915(e). True enough, the court must dismiss an action that "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(iii). But our Circuit has warned that "sua sponte dismissal based on affirmative defenses 'should be reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense.'" *Banks v. Geary Cnty. Dist. Ct.*, 645 F. App'x 713, 717 (10th Cir. 2016) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)). This means that a court, without responsive briefing, "may dismiss on the basis of absolute or qualified immunities only if it is clear that the plaintiff can allege no set of facts to negate the immunities." *Id.* (quotation cleaned up); *see also Williams v. Wilkinson*, 645 F. App'x 692, 696 n.5 (10th Cir. 2016) ("We decline to consider sua sponte an unraised qualified immunity defense under 28 U.S.C. § 1915(e)[.]"). The court can't say—and doesn't say—that this case qualifies as an "extraordinary instance[]" where it should invoke qualified immunity sua sponte. *See Trujillo*, 465 F.3d at 1216.

The Report's reliance on qualified immunity doesn't warrant rejection, however. The Magistrate Judge concluded qualified immunity bars plaintiff's claims in part because he had failed to allege defendants' actions violated the Constitution. True enough, a claim that fails to allege that "officials violated a federal constitutional or statutory right" can't overcome a qualified-immunity defense. *Sawyers*, 962 F.3d at 1282. But such a claim also fails to state a claim under § 1983, which requires plaintiffs to allege a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" § 1983. In other words, a party doesn't

need to raise a qualified-immunity defense for the court to dismiss a § 1983 claim that fails to allege a constitutional violation. And plaintiff's Objection never confronts the Magistrate Judge's analysis on the merits of his constitutional claims. So, even if qualified immunity shouldn't apply in this procedural posture, the Magistrate Judge's reasons for dismissing plaintiff's claims are sound. The court thus overrules plaintiff's third objection.

**D. Amendment**

Plaintiff's final objection argues that, if the court adopts the Report, it should allow plaintiff to amend the Complaint. Doc. 6 at 7 ("If it is an error upon 'complaint form [1],' I wish to amend that form to its proper state[.]"). On the record before it, the court can't conclude whether it should give plaintiff leave to amend the Complaint. Our Circuit has instructed that "pro se parties generally should be given leave to amend[.]" *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014). But leave isn't required where amendment would prove futile. *Id.* And plaintiff's Objection to the Report and Recommendation doesn't include a proposed amended complaint, so the court can't determine whether a hypothetical amendment is futile. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999) ("[A] request for leave to amend must give adequate notice to the district court . . . of the basis of the proposed amendment[.]"). The court won't grant plaintiff leave to amend without an amended complaint, so it overrules plaintiff's fourth objection.

But this result isn't as final as it might sound. Plaintiff can still *request* leave to amend in compliance with our local rules. If plaintiff properly can plead facts to cure his Complaint's shortcomings, he must seek leave to amend within 21 days of this Order. And that request must include a proposed Amended Complaint, as D. Kan. Rule 15.1(a)(2) requires. Should plaintiff fail to file a motion for leave to amend within 21 days of this Order, the court will close this case.

## IV. Conclusion

Plaintiff's Complaint fails to state a claim on which the court can grant relief. The court thus dismisses the Complaint and adopts the Magistrate Judge's Report and Recommendation for the reasons stated therein.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Brooks Severson (Doc. 5) is **ACCEPTED, ADOPTED, AND AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiff's Objection (Doc. 6) is overruled.

**IT IS SO ORDERED.**

**Dated this 6th day of October, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree______**
**Daniel D. Crabtree**
**United States District Judge**