**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MATTHEW ALEXANDER O'NEILL,

Plaintiff,

v.

DERBY POLICE DEPARTMENT, et al.,

Defendants.

Case No. 25-1143-DDC-BGS

**MEMORANDUM AND ORDER**

Plaintiff Matthew Alexander O'Neill, proceeding pro se and in forma pauperis, moves for leave to amend his complaint after the District Judge dismissed his original complaint without prejudice and permitted him to seek leave to amend. Doc. 10. The Court grants the motion and authorizes service on Defendant Officers Willis and Wallace. A separate Report and Recommendation will address Plaintiff's claims against the Defendant Derby Police Department.

## I. Background

Plaintiff filed this action on July 9, 2025, asserting civil rights and state law claims arising from an encounter with Derby police officers on June 19, 2025. Doc. 1. He named the Derby Police Department and Officers Willis and Wallace as defendants. On September 23, 2025, the Court granted Plaintiff leave to proceed without prepayment of fees but withheld issuance of summonses pending screening. Doc. 4. The Court also issued a Report and Recommendation recommending dismissal under 28 U.S.C. § 1915(e)(2)(B). Doc. 5. The Report identified inadequate allegations of each defendant's personal participation, substantive deficiencies in the asserted constitutional claims, qualified immunity, and the Derby Police Department's lack of capacity to be sued. *Id.* at 8–21. Plaintiff objected. Doc. 6.

In an order entered October 7, 2026, the District Judge adopted the Report and dismissed the original complaint without prejudice. Doc. 9 at 10. The District Judge agreed that the complaint's collective allegations failed to identify which officer committed particular acts and that the Derby Police Department was not a proper defendant. *Id.* at 6–7. He also agreed with the Report's substantive analysis of the original allegations. *Id.* at 8–9. But he declined to invoke qualified immunity sua sponte, concluding that this case did not present the extraordinary circumstances necessary to resolve that affirmative defense without responsive briefing. *Id.* at 8. Because Plaintiff had not supplied a proposed amended complaint, the District Judge could not determine whether amendment would be futile. He therefore permitted Plaintiff to seek leave to amend within 21 days and directed him to attach a proposed pleading that cured the identified deficiencies. *Id.* at 9–10.

Plaintiff submitted the present motion and proposed amended complaint, which were received on November 4, 2026. Docs. 10, 10-1. He also filed another motion to proceed in forma pauperis. Doc. 12. No defendant has been served.

The proposed amended complaint again names the Derby Police Department, Officer Willis, identified by badge number 2401, and supervising Officer Jacob Wallace, identified by badge number 1205. Doc. 10-1 at 1–2, 8. Plaintiff alleges that at approximately 1:00 a.m. on June 19, 2025, he was dehydrated and filling water jugs at a well at the edge of Walmart's parking lot. He describes the well as abandoned and says it was in a public area. *Id.* at 8–9, 18–19. According to Plaintiff, Defendant Willis approached, questioned him, and sought to identify him. Plaintiff remained silent and made an obscene gesture that he describes as sign language. *Id.* at 9–11, 13–14. Plaintiff attributes the handcuffing and removal of his religious headwear to Defendant Willis, and alleges that Defendants Willis and Wallace participated in arresting and searching him and seizing his property without justification or consent.

Plaintiff alleges that he spent approximately four hours in an unsanitary holding cell without adequate drinking water. *Id.* at 9, 20. Plaintiff alleges that some of his belongings were returned after his release, but his hemp vape and AR-15 were not. The proposed amended complaint also alleges unwanted physical contact, handcuffing that caused permanent wrist scars, interference with religious exercise and speech, and inadequate officer training. Plaintiff seeks damages, including compensation for emotional distress and punitive damages, as well as declaratory and injunctive relief. *Id.* at 23–24.

## II. Governing Standards

Rule 15(a)(2) directs courts to give leave to amend freely when justice requires. Leave may be denied when the proposed amendment would be futile, meaning that the amended complaint would be subject to dismissal. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Because Plaintiff proceeds in forma pauperis, the Court also must dismiss claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

The failure-to-state-a-claim standard under § 1915(e)(2)(B)(ii) is the same as the standard under Rule 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). The Court accepts well-pleaded facts as true and draws reasonable inferences in Plaintiff's favor, but the facts must plausibly support relief. *Id.* The Court construes Plaintiff's pro se pleading liberally without supplying missing facts or acting as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. Analysis

The proposed amended complaint addresses some of the deficiencies identified in the District Judge's order. Plaintiff now identifies Defendant Willis as the officer who handcuffed him and removed his religious headwear. The original complaint described the pump as located on another person's private property. In the proposed amended complaint, Plaintiff alleges that he was

filling water jugs in a public area, that Defendants Willis and Wallace arrested him after he gestured in response to Defendant Willis's questioning, and that both searched him. Liberally construed, these allegations could plausibly state a claim arising from the arrest and search and warrant service on these Defendants. *See Kay*, 500 F.3d at 1217–18 (explaining that, on screening under § 1915(e)(2)(B)(ii), the court draws reasonable inferences in the plaintiff's favor and asks whether the allegations plausibly support relief, even if the claim appears improbable); *see also Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020) (recognizing the "low bar for surviving a motion to dismiss" in assessing the sufficiency of a proposed § 1983 claim). The officers may challenge the sufficiency of the amended complaint and raise any available defenses, including qualified immunity, by appropriate motion.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 10) is **GRANTED** as provided in this Order. The Clerk shall file the proposed amended complaint (Doc. 10-1) as the Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk shall issue summonses for Derby Police Officer Willis, badge no. 2401, and Derby Police Officer Jacob Wallace, badge no. 1205. The United States Marshals Service shall serve each officer with a summons and a copy of the Amended Complaint without prepayment of fees or costs. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). The Clerk shall withhold service on the Derby Police Department.

**IT IS FURTHER ORDERED** that Plaintiff's renewed Motion for Leave to Proceed in Forma Pauperis (Doc. 12) is **DENIED as moot** because the Court previously granted that relief. Doc. 4. The Clerk shall mail a copy of this Order to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated November 10, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge